MORIAL, Judge.
This is a suit for benefits under a group life insurance policy issued by defendant Standard Life Insurance Company, covering the employees of the New Hotel Mon-teleone, Inc.
Eddie Lede was an employee of New Hotel Monteleone, Inc. from July 1969 through August 27, 1971. On September 30, 1971 he died in Baptist Hospital from hepatic failure. Ethel Lede Papillion, filed this suit, as beneficiary, claiming the proceeds of the group life insurance policy issued on the life of decedent. The trial court found that the policy had terminated and accordingly denied recovery. We affirm.
As stipulated by the litigants, the sole issue for our determination is whether the decedent terminated his employment with the Monteleone Hotel because of disability within the meaning of that provision as used in the policy. The applicable provision specifies that:
* * * * * *
“The insurance of an employee shall automatically terminate immediately upon the earliest of the following dates:
(a) the date of his termination of employment with the Employer . .
An employee’s termination of employment shall be deemed to have occurred upon cessation of his active work within the eligible classes, except that an employee who is unable to work because of disability ■ will nevertheless be considered as still employed within the eligible classes.” (emphasis supplied)
*835 Plaintiff’s entire case consisted of the testimony by deposition of Dr. Wayne Lake, Jr. Dr. Lake treated Eddie Lede for approximately one year and last saw him at his office on August 4, 1971. He did not see him again until September 22, 1971, when the patient presented himself for treatment at Baptist Hospital. When asked whether Mr. Lede was physically able to work on August 27, 1971, the day he terminated his employment, the doctor responded that he could not really answer but believed that he was probably unable to work. He added though that there was nothing on the record that he could definitely conclude one way or the other. He noted, however, that the patient was almost dying when he entered the hospital and that it was typical of him to have waited so long before seeking treatment.
Testimony for defendant was replete with evidence negating medical disability for Lede’s termination of employment. The reasons specified in the decedent’s “Termination of Employment” form made no mention of disability and merely stated, “This man is a retired pensioner and is just tired.” A fellow employee testified Lede told him he was quitting because he was getting tired of working and 'he wanted to retire ■ and make a trip to Europe. This witness further testified that he saw Lede when he returned the week after he quit to pick up his last week’s pay check and that he looked healthy and was in a happy frame of mind and told him “In another two weeks I’ll be making my trip.”
Based upon this evidence, the trial court in its reasons for judgment concluded:
“It is obvious from the medical evidence that the deceased was not a well man. However, there is no evidence that he left his employment because of this illness, and the court feels this is an essential requirement under the policy.”
We fully subscribe to this determination. The plaintiff herein has clearly failed to sustain her burden of proof by a preponderance of the evidence.
The judgment of the trial court is affirmed. Plaintiff is to pay all costs.

Affirmed